UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CIVIL ACTION NO. 12-2492 |
| Plaintiff, | * | SECTION "R" (5) |
| versus | * | JUDGE VANCE |
| 2006 CHEVROLET CORVETTE, ET AL. | * | MAGISTRATE CHASEZ |
| Defendant | * | |

\* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF
THE UNITED STATES' MOTION TO STRIKE CLAIMS

**MAY IT PLEASE THE COURT:**

In support of its Motion to Strike pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset forfeiture Actions, the United States of America respectfully submits as follows.

**PERTINENT FACTUAL AND PROCEDURAL HISTORY**

On October 11, 2012, the United States filed the captioned civil *in rem* forfeiture complaint against four motor vehicles, one motorcycle, and five accounts. Rec. Doc. 1., at ¶ 4. It is the Government's position that, as more fully described in the verified complaint (Rec. Doc. 1) and accompanying affidavit of SA Keith Spitchley (Rec. Doc. 1-1), each asset is subject to forfeiture as proceeds and/or facilitation of violations of the Federal Controlled Substances Act. 21 U.S.C. § 881 (a)(4) and (a)(6).

On November 21, 2012, Trakessha Chandler ("Chandler") and Oscar Johnson, Sr. ("Johnson, Sr.") (collectively "claimants"), through their counsel of record, each filed a "Verified Statement of Right and/or Interest."  Rec. Doc. 15.[1]  A review of this document demonstrates that it is, in fact, meant to serve as a "claim" pursuant to Rule G(5)(a).  Rec. Doc. 15, at pp. 1, 4 (each referencing "my claim").  However, despite the plain language of Rule G(5)(b), neither claimant filed an "answer to the complaint or a motion under Rule 12 within 21 days after filing the claim."  The time for filing an answer has long since passed; therefore, the striking of the subject claims is now appropriate.

Additionally, on February 13, 2013, pursuant to Supplemental Rule G(6) to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States propounded Special Interrogatories upon both claimants, Trakessha Chandler and Oscar Johnson, Sr.  *See* Exhibit "A," *in globo* (Special Interrogatories).  Through same, the Government sought to determine whether the claimants possessed standing to challenge the instant forfeiture action, as same was not apparent from the terse, conclusory language of their claims.  Rec. Doc. 15.  Pursuant to Rule G(6)(b), the claimants' answers to Special Interrogatories "must be served with 21 days after the interrogatories are served;" however, neither objections nor responses to the Special Interrogatories have been provided.  This failure also militates in favor of dismissal of the claims.

I.   **The "Strict Compliance" test governs these proceedings**.

In civil forfeiture matters, the United States is the plaintiff, the property is the *in rem* defendant, and a claimant is the intervenor seeking to prevent forfeiture.  *See, e.g. United States v. One-Sixth Share*, 326 F.3d 36, 40 (1st Cir. 2003); *United States v. All Funds in Account Nos.*

---

[1] The two claims were filed as one.  Chandler's claim appears at pp. 1-3 of Rec. Doc. 15; Johnson, Sr.'s claim appears at pp. 4 – 5 of Rec. Doc. 15.  Additionally, the docket sheet indicates that the duplicate document was filed that same day.  Rec. Doc. 16.

*747.034/278 (Banco Espanol de Credito)*, 295 F.3d 23, 25 (D.C. Cir. 2002).  As a threshold matter, the claimant must establish that he has standing to invoke the Court's jurisdiction. *United States v. $38,000 in U.S. Currency*, 816 F.2d 1538, 1543 n.12 (11th Cir. 1987).  If the claimant fails to demonstrate that he/she has a real interest in the property, there is no "case or controversy" by which the Court might exercise jurisdiction under Article III to the United States Constitution.  *United States v. Real Property Located at 5201 Woodlake Dr.*, 895 F.Supp. 791, 793 (M.D. N.C. 1995).  Therefore, whether the claimant possesses Article III standing is the threshold inquiry in all civil forfeiture actions.  *Via Mat International South America, Ltd. v. United States*, 446 F.3d 1258, 1262 (11th Cir. 2006) (standing is the threshold question in every federal case, determining the authority of the court to entertain suit); *United States v. One Lincoln Navigator*, 328 F.3d 1011, 1013 (8th Cir. 2003) ("Article III standing is a threshold question in every federal court case.").  "There is no case or controversy, in the constitutional sense, absent a dispute between the parties who have a real interest in the outcome."  *United States v. One 18th Century Columbian Monstrance*, 802 F.2d 837, 838 (5th Cir. 1986).  In addition to the general Article III "case or controversy" standing analysis, matters such as the present one also require the Court to consider the sufficiency of the claim itself to determine whether a claimant satisfies the more demanding statutory standing requirements of 18 U.S.C. § 983.  *See, e.g., United States v. $500,000 in U.S. Currency*, 591 F.3d 402, 404 (5th Cir. 2009).

Absent unique circumstances, "[s]trict compliance with Rule G is generally required." *United States v. $315,298.52 in U.S. Currency*, 2010 WL 1529404, at *1, n.5 (D. Md. 2010)." "Numerous courts have recognized that forfeiture claimants **must strictly and scrupulously** adhere to filing requirements in order to perfect standing."  *40 Acres of Real Property, More or Less, etc., supra*, 629 F.Supp.2d at 1273 (emphasis added).  Many Courts have applied the rigid,

3

plain language of the statute, noting that the *in rem* nature of civil forfeiture actions creates a unique and substantial danger of claims being filed by persons who lack a real interest in the property. *See, e.g., United States v. $100,348,* 354 F.3d 1110, 1118-19 (9th Cir. 2004) (noting that "the danger of false claims in [civil forfeiture] proceedings is substantial"); *Mercado v. U.S. Customs Service*, 873 F.2d 641, 645 (2d Cir. 1989) (observing that there is a "substantial danger of false claims in forfeiture proceedings"); *United States v. $138,381 in U.S. Currency*, 240 F.Supp.2d 220, 228 (E.D. N.Y. 2003) (same).

**II.     The Claimants have failed to answer the *in rem* complaint.**

This Court has noted that the Supplemental Rules require an *untimely* answer to be stricken (and for default judgment to be entered) because "a claimant must strictly comply with the pleading requirements." *United States v. $288,914 in U.S. Currency*, 722 F.Supp. 267, 270-71 (E.D. La. 1989). Were they to attempt to do so now, they would be greatly tardy; however, the claimants herein have endeavored to file no answer to the *in rem* complaint (Rec. Doc. 1).

In granting the Government's motion to strike a *pro se* claimant's, who had failed to timely file an answer, response to the entry of a default judgment, Judge Fallon observed, "Strict compliance with Supplemental Rule G(5)(b), formerly, Rule (C)(6), is required." *United States v. $15,701.97 U.S. Currency*, No. 09-3437, 2010 WL 341826, at *2 (E.D. La. Aug. 23, 2010) (citing *United States v. $21,044.00 U.S. Currency,* No. 97-2994, 1998 WL 213762, at *2 (E.D. La. Apr. 30, 1998); *United States v. $31,000.00 U.S. Currency*, No. 90-1829, 1990 WL 163610, at *1 (E.D La. Oct. 22, 1990), *United States v. $288,914 in United States Currency*, 722 F. Supp. 267 (E.D. La. 1989). Judge Fallon further observed that, while a district court certainly must have "discretion in appropriate circumstances to depart from the strict construction required by Rule G," as is the case herein, no such circumstances were present. *Id.*

The requirement that an interested person **both** file a claim to the (*in rem* defendant) property **and** an answer to the complaint (Rec. Doc. 1) is well-established. As the Ninth Circuit Court of Appeals has observed, these requirements are expressly set forth in both 18 U.S.C. § 983 and Supplemental Rule G(5). "Any person wishing to intervene and assert an interest in the property must file two responsive pleadings: a verified claim and an answer." *$133,420.00 in U.S. Currency*, 672 F.3d at 635 (citing 18 U.S.C. § 983(a)(4)(A), (B); Supp. R. G. (5)). "In the answer, the claimant may admit or deny the allegations in the complaint and set forth defenses." *Id.* The claimants are required ("shall") to file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim. 18 U.S.C. § 983(a)(4)(B).

The claimants herein filed their respective claims on November 21, 2012. Rec. Doc. 15. Accordingly, their answers were due on December 11, 2012.[2] The United States respectfully submits that, now that their answers would be over four (4) months later, the claims should be stricken for the failure to file an answer as required by both 18 U.S.C. § 983(a)(4)(B) and Supplemental Rule G(5)(b).

### III.    The Claimants have failed to answer the Government's special interrogatories.

Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset forfeiture Actions was specifically devised to provide the Government—at the outset of the civil forfeiture proceeding—with a mechanism by which to determine whether claimants possess standing to contest the forfeiture proceeding. *See* Advisory Committee Note to Supplemental Rules G(6) and (8)(c) (noting the "special role that subdivision (6) plays in the scheme for determining claim standing"). These special interrogatories, which allow the Government to

---

[2] *Cf.* Supp. R. G(5)(b) (requiring that an answer be filed within 21 days of the filing of the claim). Under this period, the answers were due on December 12, 2012.

inquire, *inter alia*, about the circumstances by which the claimant acquired the alleged interest, serve to "test the veracity of [the claimant's] claim of ownership." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 642 (9th Cir. 2012).

The United States respectfully submits that special interrogatories, such as those the claimants ignored herein, are particularly important in cases such as the present one. In addition to failing to file an answer to the complaint (Rec. Doc. 1), as discussed *supra*, the claimants' respective claims are facially insufficient. Instead of moving to strike the deficient claims at the outset, the Government elected to propound Special Interrogatories, pursuant to Supp. R. G(6), in an effort to better evaluate the claimants' standing.

On February 13, 2013, the United States propounded Special Interrogatories upon the claimants. *See* Exhibit A *in globo*. Pursuant to Supp. R. G(6)(b), answers and/or objections to the Special Interrogatories were due by March 7, 2013. No request for an extension was made; and no responsive materials were provided. A Scheduling Conference was held on March 14, 2013; and a Scheduling Order has been issued. Rec. Docs. 18 (Notice of Scheduling Conference) and 19 (Amended Scheduling Order). Therefore, this matter occupies the Court's trial docket despite the fact that claimants have neither filed answers to the complaint (Rec. Doc. 1) nor responded to discovery (Exhibit A) which is designed to determine whether they possess standing.

**IV.  The claims are deficient**.

It is the cryptic and conclusory language of the respective claims (Rec. Doc 15) which prompted the United States to propound Special Interrogatories (Exhibit A). The claims provide no salient information as to the manner and means by which the claimants allege to have acquired legitimate interests in the defendant properties. Chandler's claim is impermissibly non-

committal, employing "either/or" language. Additionally, among their substantive flaws, it is noted that the two claimants, who are represented by the same counsel, assert competing claims for one of the subject motor vehicles (2006 Chevrolet Corvette).

### a. **Claimants have not demonstrated Article III standing.**

The interest that Chandler sets forth as to the defendant property insufficient to demonstrate Article III standing. The entire substance of her claim is set forth as follows:

> This claim is made under oath and is not a frivolous claim. I make this claim as **either** the registered owner of the asset **or** as the rightful owner upon the death of Oscar James Johnson. This claim is made pursuant to the rules governing making a claim set out in FRCP Supplemental Rule G(5)(a).

Rec. Doc. 15, at p. 2 (emphasis added).

In *$133,420 in U.S. Currency supra*, the Ninth Circuit specifically spoke to the impermissibility of the use of such equivocal language.

> Although Louis's verified claim was admissible evidence, its statement that Louis had an "ownership and/or a possessory interest" in the defendant property is not sufficient to establish his standing. As we have explained, the claimant must make clear whether he is asserting "a possessory interest, an ownership interest, or something else." *$191,910.00*, 16 F.3d at 1057. Because Louis's claim used "and/or," it was not sufficiently specific regarding the nature of Louis's claimed interest in the property. More important, the term "and/or" left open the possibility that Louis was claiming only a possessory interest, and the evidence before the district court was inadequate to create a genuine issue of material fact regarding such an interest: Louis never offered any explanation of how he came to possess the money seized from the vehicle, and an unexplained possessory interest is insufficient to establish standing at any stage of a forfeiture proceeding. *Id.* at 1058. Because Louis did not unequivocally state he had an ownership interest in the property, and he did not provide sufficient information to establish a lawful possessory interest, Louis's statement in the verified claim does not carry his burden.

*$133,420 in U.S. Currency*, 672 F.3d at 640.

While the holding quoted *supra* forms part of the Court of Appeals' global analysis, including merits and sufficiency of evidence to oppose a motion for summary judgment, the

reasoning is applicable and dispositive as to the threshold standing analysis. ("[A]n unexplained possessory interest is insufficient to establish standing at any stage of a forfeiture proceeding.") Generic "and/or" language, as furnished by Trakessha Chandler, is wholly insufficient to demonstrate the nature of the claimant's alleged interest. She has failed to commit, under penalty of perjury, as to what the nature of her claim is as to each asset. Moreover, if she truly had legitimate claims as to the subject property, one would think that she might demonstrate a bit more concern and diligence in describing, whether in the claim or in responding to Special Interrogatories, how and why she allegedly acquired *any* legitimate interest in any of these assets. It is further noted that, though clarification was sought in the unanswered Special Interrogatories, Chandler has offered no explanation—much less competent evidence—as to how or why she is "the rightful owner of [any] asset upon the death of Oscar James Johnson." Rec. Doc. 15, at p. 2. Ms. Chandler, who identified herself as Oscar Johnson, Jr.'s "widow" in her administrative claim, makes no such representation herein. Rec. Doc. 15. Moreover, pretermitting discussion as to how the deceased Mr. Johnson, Jr. acquired the defendant assets, Trakessha Chandler has failed to demonstrate how she is the rightful heir to any portion of Oscar Johnson, Jr.'s estate. Similarly, in another item addressed by the unanswered Special Interrogatories, she has neither represented nor offered any evidence as to the status of Mr. Johnson's estate.

    Were the Court to merely examine the sufficiency of Oscar Johnson, Sr.'s claim without regard to his failure to answer the complaint and the special interrogatories, this filing, too, is lacking. Mr. Johnson, Sr.'s claim asserts only that he is "the registered owner as documented by the title of the listed asset and as such **and only as such** [he makes a] claim for the return of this asset (2006 Chevrolet Corvette)." Rec. Doc. 15, at pp. 4 – 5 (emphasis added). The United

States does not dispute that the asset is "registered" to Mr. Johnson, Sr. Indeed, the United States specifically apprised the Court of same in its initial filing. *See* Rec. Doc. 1-1 (Affidavit of SA Spitchley), at ¶ 9 (noting that Oscar Johnson, Jr. purchased the "2006 silver Chevrolet Corvette for $18,000 cash" but that he directed the "Auto Depot personnel to place the buyer in JOHNSON's father's name"). Therein the Government specifically noted that it was the decedent's custom and habit to register his vehicles in the names of his family members so as to avoid detection by law enforcement. *Id.* However, Mr. Johnson, Sr. has made it clear that his claim rests "only" upon his status as the nominee owner of the vehicle. Rec. Doc. 15, at pp. 4 – 5. In attempting to make this narrow claim, which the Government submits is insufficient to demonstrate standing, Mr. Johnson, Sr. carefully avoids representing under penalty of perjury whether or how he purchased or acquired the vehicle. Additionally, as is consistent with the evidence furnished in support of the verified *in rem* complaint (Rec. Doc. 1), Mr. Johnson, Sr. has not even suggested that he maintained custody or control of the vehicle. Therefore, the nature of the interest that he asserts is expressly barred by 18 U.S.C. § 983 (d)(6)(B)(iii) (regarding a "nominee who exercises no dominion or control over the property.") Finally, as was previously noted, Mr. Johnson, Sr. claims an asset to which Trakessha Chandler, represented by the same counsel, claims to be the rightful owner.

    b. **Claimants have failed to demonstrate statutory standing.**

While the concept of ownership is distinct from that of standing, there is overlap in the two principles. Recent jurisprudence on this matter, including that from the Fifth Circuit, has noted that, in assessing standing, the Court must determine whether a claimant has asserted more than merely a colorable interest in the property. Though not in the context of forfeiture, in *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004), the Supreme Court spoke to the

requirements for demonstrating Article III standing. Several courts have applied this more rigorous standing analysis in the civil forfeiture context and have further interpreted 18 U.S.C. § 983 as imposing a statutory standing requirement. *See, e.g., United States v. Lazarenko*, 476 F.3d 642, 649-50 (9th Cir. 2007) (citing *Elk Grove Unified Sch. Dist.*, 542 U.S. at 12). More recently, the Fifth Circuit has held as follows:

> To evaluate the prudential standing requirement at issue here, "we must identify what interest the litigant seeks to assert and then decide if that interest is arguably within the zone of interests to be protected or regulated by the statute." *Bonds v. Tandy*, 457 F.3d 409, 413-414 (5th Cir. 2006). Under Title 18's civil forfeiture scheme, *see* 18 U.S.C. § 983, only "innocent owner[s]" of seized property hold the right to defend against forfeiture proceedings. § 983 (d)(1) ("An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.")

*United States v. $500,000 in U.S. Currency*, 591 F.3d 402, 404 (5th Cir. 2009).

Therefore, in theory, one might demonstrate Article III standing without establishing ownership; however, when a person bases his/her standing on a claim of ownership, he/she must then also satisfy the statutory definition of "owner," as set forth in 18 U.S.C. § 983(d)(6), in order to establish statutory standing. *See, e.g., United States v. $26,620.00 in U.S. Currency*, 2006 WL 949938, at *6 (N.D. Ga. Apr. 12, 2006) (person who is not in possession of currency at the time of seizure, but who claims to be the "owner," must satisfy the definition of "owner" in 18 U.S.C. § 983(d)(6)); *United States v. $38,852.00 in U.S. Currency*, 328 F. Supp. 2d 768, 769 (N.D. Ohio 2004); *United States v. $138,381 in U.S. Currency*, 240 F. Supp. 2d 220, 231-32 (E.D. N.Y. 2003) (where non-possessory claimant's only basis for standing is her allegation that she is an owner, proof of ownership is required to establish standing).

The Fifth Circuit's approach in *United States v. $500,000 in U.S. Currency supra* stands with a growing number of courts which have held that, by defining the term "owner" in 18 U.S.C. § 983(d)(6), Congress established a new statutory standing requirement that extends

beyond the traditional Article III standing analysis.  Under this approach, which the Government submits controls the instant case, the Claimants must do more than identify a "colorable interest" in the defendant properties.  While such a nebulous assertion *might* have satisfied dated "case or controversy" analysis, both recent Article III standing jurisprudence and statutory standing analysis are more rigorous.  *See United States v. 8 Gilcrease Lane,* 641 F. Supp. 2d 1, 5 (D. D.C. 2009) (in order to establish statutory standing, a claimant must comply with Supp. R. G(5) and establish a legal interest in the property in terms of 18 U.S.C. § 983(d)(6); unsecured creditors do not satisfy the latter); *United States v. One 1990 Beechcraft 1900 C*, 659 F. Supp. 2d 1260, 1271 (S.D. Fla. 2009) (corporation with bare legal title that exercised no dominion or control was not an "owner" under § 983(d)(6) and, therefore, lacked statutory standing); *United States v. 74.05 Acres of Land*, 428 F. Supp. 2d 57, 65 (D. Conn. 2006) (holding that an equitable interest in real property satisfies Article III standing analysis but is expressly excluded by § 983(d)(6) from satisfying statutory standing); *United States v. $746,198 in U.S. Currency*, 299 F. Supp. 2d 923, 932-33 (S.D. Iowa 2004) (a claimant who does not satisfy § 983(d)(6) lacks statutory standing, regardless of whether he satisfies Article III standing); *United States v. 2001 Honda Accord EX,* 245 F. Supp. 2d 602, 610 (M.D. Pa. 2003) (even though state law created a rebuttable presumption that "titled" owner was the owner, under § 983(d)(6) the claimant must demonstrate that he is more than a nominee owner, which he did).

In addition to the myriad of other deficiencies in their attempts to assert an interest in the *in rem* defendant properties, the claimants' terse, conclusory representations, as set forth in their claims (Rec. Doc. 15), fail to establish that they have standing to contest the instant forfeiture proceedings.  Consequently, because standing forms a part of the Court's initial assessment of the matter, the United States respectfully submits that the claimants have failed to demonstrate

that they are "owners" and/or that they have a stake in these proceedings.  Therefore, their claims should be stricken.

## CONCLUSION

The United States respectfully maintains that there are multiple, independent bases by which the claims (Rec. Doc. 15) should be stricken.  Taken in their entirety, though, claimants' failure to demonstrate standing, failure to answer the complaint, and failure respond to the Government's Special Interrogatories fall woefully short of the strict compliance required by, *inter alia*, Supplemental Rule G.  Accordingly, the United States respectfully submits that the claims should be stricken.

**WHEREFORE**, plaintiff, the United States of America, prays that its motion be granted and that the claims of Trakessha Chandler and Oscar Johnson, Sr. be stricken.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

*/s/ Andre J. Lagarde*
ANDRE J. LAGARDE (No. 28649)
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3009
Facsimile: (504) 680-3174
andre.lagarde@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record this 22nd day of April, 2013, in accordance with the Court's ECF Rules.

*/s/ Andre J. Lagarde*
ANDRE J. LAGARDE
Assistant United States Attorney