UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| versus | NO. 12-2492 |
| 2006 CHEVROLET CORVETTE, ET AL. | SECTION: R (5) |

**ORDER**

Before the Court is the government's motion to strike Trakessha Chandler and Oscar Johnson's claims to property that is the subject of this civil forfeiture action. For the following reasons, the Court GRANTS the motion.

**I.   BACKGROUND**

In 2011, the Drug Enforcement Administration (DEA) began an investigation of Oscar Johnson, Jr., a suspected heroin trafficker with residences in New Orleans and LaPlace, Louisiana.[1] On May 8, 2012, Johnson was murdered in what the DEA described as a drug-related homicide.[2] Immediately after Johnson's death, DEA agents conducted a search and seized assets

---

[1] R. Doc. 1-1 at 1-2.

[2] *Id.* at 5.

believed to be traceable to the exchange, sale, transportation, or concealment of controlled substances.[3]

On October 11, 2012, the United States filed this *in rem* forfeiture action against four motor vehicles, one motorcycle, and five accounts.[4] The United States alleges that these assets are related to or traceable to illegal drug trafficking activities and are forfeitable pursuant to 21 U.S.C. 881(a)(4) and 881(a)(6).[5]

On November 21, 2012, Trakessha Chandler and Oscar Johnson, Sr. ("claimants"), the wife and father of the deceased, respectively, filed claims to the disputed property.[6] On February 13, 2013, the government submitted special interrogatories to claimants.[7] On April 22, 2013, the government filed a motion to strike the claims.[8] The government noted that claimants had failed to file answers to the complaint and the special interrogatories and the 21-day deadlines for doing so had long

---

[3] *Id.* at 5-8.

[4] R. Doc. 1.

[5] *Id.* at 3.

[6] R. Doc. 16 at 2, 4 (styled "Verified Statement of Right and/or Interest").

[7] R. Doc. 21-2 at 7.

[8] R. Doc. 21.

expired.[9] On May 7, 2013, claimants sought leave to file an answer to the complaint and a response to the interrogatories.[10] Claimants filed virtually the same motion again on May 16, 2013, and it was denied by the Court.[11]

**II. Legal Standard**

18 U.S.C. § 983 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions govern this civil forfeiture action. Rule G(5)(a) provides that "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Fed.R.Civ.P. Supp. AMC Rule G(5)(a). In addition to filing a valid claim, "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Rule G(5)(b). A claimant must also serve an answer or objection to special interrogatories within 21 days after they are served. Rule G(6)(b). A claimant that fails to comply with these procedural requirements lacks standing to challenge the forfeiture. *United States v. $15,701.97*, 2010 WL 3418246, at *1 (E.D. La. 2010). The government "may move to strike a claim for failing to comply with

---

[9] R. Doc. 21-1 at 2.

[10] R. Doc. 22.

[11] R. Doc. 28, 29.

Rule G(5) or (6), or because the claimant lacks standing." Rule G(8)(c).

### III. Discussion

Claimants failed to comply with Rule G(5) and Rule G(6). They filed their claims on November 21, 2012. Thus, the statutory deadline for filing an answer to the complaint was December 12, 2012. The deadline for responding to the government's special interrogatories was March 6, 2013. Claimants missed both deadlines by several months and waited until after the government filed its motion to strike their claims before they sought leave to file an answer on May 7, 2013.

The Court may excuse a claimant's procedural default in the "appropriate circumstances." *$15,701.97*, 2010 WL 3418246, at *2. However, claimants fail to identify any special or extenuating circumstances that warrant relaxation of the Supplemental Rules. Claimants remained silent for months after the applicable deadlines expired without attempting to file an answer or requesting an extension of the deadlines. Further, to this date, claimants have failed to provide any explanation for their substantial delay. Therefore, the Court is left with no reasonable explanation for their failure to file an answer and has no reason to stray from the standing requirements of Supplemental Rule G.

**IV. Conclusion**

Accordingly, the government's motion to strike the claims of Trakessha Chandler and Oscar Johnson, Sr., is GRANTED.

New Orleans, Louisiana, this 23rd day of July, 2013.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE